## APPEAL OF UNIFORM PRINTING & SUPPLY CO.

Docket No. 5016.   Promulgated November 23, 1927.

*Walter H. Eckert, Esq.*, for the petitioner.
*M. N. Fisher, Esq.*; for the Commissioner.

OPINION.

Green: The petitioner contends that it is a "business league" and as such entitled to exemption under section 231(7) of the Revenue Act of 1918, which reads as follows:

That the following organizations shall be exempt from taxation under this title—

(7) Business leagues, chambers of commerce, or boards of trade, not organized for profit and no part of the net earnings of which inures to the benefit of any private stockholder or individual.

This provision has been reenacted without material change in the Revenue Acts of 1921, 1924, and 1926. The regulations prescribed by the Commissioner are the same under the various acts and read as follows:

Art. 518. *Business leagues.*—A business league is an association of persons having some common business interest, which limits its activities to work for such common interest and does not engage in a regular business of a kind ordinarily carried on for profit. Its work need not be similar to that of a chamber of commerce or board of trade. An association engaged in furnishing information to prospective investors, to enable them to make sound investments, is not such a league, since its members have no common business interest, and it is not exempt, even though all of its income is devoted to the purpose stated. A clearing house association, not organized for profit, no part of the net income of which inures to any private stockholder or individual, is exempt provided its activities are limited to the exchange of checks and similar work for the common benefit of its members. An association of persons who are engaged in the business of carrying freight and passengers by boats propelled by steam, which is designed to promote the legitimate objects of such business, and all of the income of which is derived from membership dues and is expended for office expenses and the salary of a secretary-treasurer, is exempt from tax. An incorporated cotton exchange, whose shares carry the right to dividends, is organized for profit and is not exempt.

Under such conditions each reenactment adds weight to the administrative interpretation as set forth in the regulation, and unless such interpretation is clearly contrary to the intention of Congress it should not be disturbed.

This taxpayer does, in part at least, " engage in a regular business of a kind ordinarily carried on for profit," and therefore unless the regulation is wrong it must be enforced and the exemption denied.

Three types of organizations are mentioned in paragraph (7)— business leagues, chambers of commerce, and boards of trade. Ordinarily chambers of commerce and boards of trade are organized to promote the common welfare of a substantial group of individuals, partnerships, and/or corporations all engaged in business in the same community. The profit advantage derived by the member does not come by way of dividends or other distribution of earnings of the corporation but comes rather from the increased earnings of the business of which the member is the owner. Not uncommonly do the activities of the board of trade or chamber of commerce result in a general good participated in by members and nonmembers alike. It seems to us that a business league, to be entitled to the exemption, should be engaged in and limited to activities similar to those of the ordinary chamber of commerce or board of trade, and that those activities should be of a kind not ordinarily engaged in for profit.

The various types of organizations entitled to exemption have been carefully classified in the statute and grouped according to their similarity. An examination of the various provisions indicates that the entire absence of possibility of profit to the member is the predominant characteristic.

That portion of the regulation which limits the exemption to organizations which do " not engage in a regular business of a kind ordinarily carried on for profit " is a logical and reasonable construction of paragraph (7) of section 231, and this being true there is no legal justification for its rejection.

The petitioner herein, while organized and at present operated to give service to its stockholders at cost, is by no means required so to do. If, for reasons which seem sufficient to its stockholders or directors, it is decided to increase the charge made for the printing and distribution of forms, such action could properly and lawfully be taken. Such action has already been taken to provide a fund to care for anticipated improvements and replacements. Should this or other accumulations exceed the requirements of the business, there is nothing to prevent their distribution to stockholders as dividends. Thus they may function, in most respects at least, as does an ordinary corporation and have so functioned except in the matter of the distribution of dividends, and these they may distribute if they so desire.

The *Appeal of Waynesboro Manufacturers Association,* 1 B. T. A. 911, is not in point. There the parties agreed that the taxpayers

were a business league and the appeal turned on other issues. Here the only issue is whether the taxpayer is a business league.

Reviewed by the Board.

> *Judgment will be entered on 15 days' notice, under Rule 50.*

STERNHAGEN and SIEFKIN concur in the result.

SMITH, TRUSSELL, MILLIKEN, and MURDOCK dissent.