NORTHWESTERN JOBBERS CREDIT BUREAU, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 29373. Promulgated November 19, 1928.

*Guy Chase, Esq.*, for the petitioner.
*A. H. Fast, Esq.*, for the respondent.

364.

**OPINION.**

LANSDON: The first contention of the petitioner is that it is an exempt corporation under the following provision of the Revenue Act of 1926:

SEC. 231. The following organizations shall be exempt from taxation under this title—

\*       \*       \*       \*       \*       \*       \*

(7) Business leagues, chambers of commerce, or boards of trade, not organized for profit and no part of the net earnings of which inures to the benefit of any private shareholder or individual.

It is well established that taxpayers seeking the benefits of exemptions must prove strict compliance with all the statutory conditions authorizing the classification claimed. *Waynesboro Manufacturers Assn.*, 1 B. T. A. 911; *Charles A. Collin*, 1 B. T. A. 305. It follows, therefore, that to prevail here this petitioner, even if it be conceded that it is a business league, must prove that it is not organized for profit, and that no part of its net earnings inures to the benefit of any private shareholder or individual.

The second, third, and fourth paragraphs of article I of the petitioner's articles of incorporation set forth three categories of purposes for which it was incorporated. The second paragraph outlines activities that certainly are not of interest to all the stockholders except as to the profits that may flow from them, since there is no evidence that the petitioner limited this phase of its business to concerns that were indebted to its shareholders. The general purposes there enumerated authorize operations from which profit is usually realized. The evidence herein discloses that in the taxable year the petitioner received more than $65,000 as fees and commissions for the services it rendered to firms and individuals, none of whom are shown to have been stockholders.

The petitioner is aware of this situation and argues that it is not the source but the destination of income that must be considered. It admits that its activities in some departments of its business result in profit but contends that this alone is not sufficient to bar it from classification as an exempt corporation. In support of this position it relies largely on *Trinidad* v. *Sagrada Orden*, 263 U. S. 578. In that case the Supreme Court held that profit resulting from certain commercial transactions was a negligible factor, since gain therefrom was not the end to which they were directed. In this proceeding something like two-thirds of the total income of the petitioner is derived from transactions from which profits flow, and which were not incidental to other activities. This is a situation entirely diverse from that in the *Trinidad* case, *supra*, in which a negligible amount of income was derived from transactions purely incidental to the real purposes of the corporation. In our opinion that decision establishes no rule that is controlling here.

Even if we accept the petitioner's theory that it is destination, and not origin, that governs, we are not satisfied that the facts here show that no part of the net earnings of the petitioner inures to the benefit of any private shareholder or individual. It is true that there have been no distributions of cash to any stockholders, but all the net income and surplus are held for use in the furtherance of the purposes set forth in paragraphs 3 and 4 of article I of the articles of incorporation and such purposes are manifestly and avowedly for the service, benefit and advantage of every stockholder. Without the earnings and the accumulated surplus from the activities authorized in paragraph 2, each stockholder would be required to pay substantial fees or assessments in order to secure the services enumerated in paragraphs 3 and 4. In these circumstances we think the net earnings of this petitioner inure to the benefit of each one of its individual shareholders as effectually as if there were actual distributions of cash dividends from surplus. *Hutterische Bruder Gemeinde*, 1 B. T. A. 1208.

The petitioner's second contention is that the Commissioner erroneously included the amount of $4,746.83 in its taxable income for the year involved. In the conduct of its activities enumerated in paragraph 2 of the first article of its articles of incorporation, the petitioner has constantly on deposit in certain banks substantial sums which are the property of its clients or of the various firms that it serves in an advisory capacity, on which it receives interest based on monthly credit balances. The parties agree that such deposits are trust funds. The petitioner insists that the interest on such deposits is nothing more than an addition to funds held in trust and therefore not income to it but to the beneficial owners of the deposits. The

respondent has determined that such interest is income to the petitioner.

The evidence discloses that clients' accounts have not been credited with the interest in question and that there is no way to determine what amount thereof, if any, should be allocated to any particular firm. No client has ever claimed or received any part of such interest. The directors of the petitioner have ordered that the interest so received shall be used in business operations. There is no showing that either by contract or in law the petitioner is liable to its clients for the interest. Certainly the amount here in controversy falls within the statutory definition of income and as such is taxable. The petitioner received the interest in question, which it used for its own purposes. In these circumstances we are of the opinion that such interest was income to it in the taxable year. The determination of the Commissioner on this point is approved.

*Decision will be entered for the respondent.*