*237 OPINION.
Teussell :
The only issue involved in these proceedings is whether the petitioner is exempt from Federal income tax for the years 1925, 1926, and 1927 within the meaning of section 231 (7) of the Revenue Acts of 1924 and 1926, which provides:
Sec. 231. The following organizations shall be exempt from taxation under this title—
* ⅜ * * . * * *
(7) Business leagues, chambers of commerce, or boards of trade, not organized for profit and no part of the net earnings of which inures to the benefit of any private shareholder or individual.
It is well settled that an organization claiming exemption from tax must prove clearly that it is within the provisions of the act granting such exemption and, further, such provisions must be strictly construed. A business league to be exempt must meet both of the tests prescribed in the above quoted section. See Waynesboro Manufacturers Association, 1 B. T. A. 911.
The petitioner was organized under the provisions of the Missouri statutes governing the formation of manufacturing and business corporations, that is, corporations organized for profit. Its articles of incorporation state that its business is a general adjustment and mercantile collection agency and more particularly the work of gathering and disseminating mercantile and credit information, of acting as agent and representative of others in securing, collecting and litigating claims, of holding, selling, encumbering and realizing upon real and personal property in connection with the adjustment and settlement of claims, and of auditing accounts, books of record and estates. The record discloses that in the transaction of its business, the petitioner has exercised all of those powers and, further, petitioner freely admits that during the years 1925,1926, and 1927, and also during prior and subsequent years, it not only operated its business at a profit, but purposely charged fees designed to produce a profit over and above the cost of all services rendered.
The petitioner’s net profits were not distributed by the declaration of dividends, but were used to build up a surplus amounting to $21,169.99 in 1925, $27,944.47 in 1926, and $39,067.44 in 1927, and in addition thereto to increase the value of the services rendered without *238 increasing the fees charged therefor and also to extend the amount of valuable gratuitous sendees rendered. The petitioner’s business was not limited to any particular class of firms and, in fact, in representing others in liquidating insolvent and bankrupt businesses, petitioner acted for all creditors concerned whether they were members of the Association of Credit Men or not. The services which petitioner rendered merely at cost and less than cost to it, and the gratuitous services were for the benefit of the members of the St. Louis Association of Credit Men, which organization through its own appointed trustees, held all of petitioner’s capital stock, except for the directors’ qualifying shares, and controlled petitioner’s activities by the election of its directors.
In the case of Northwestern Jobbers’ Credit Bureau v. Commissioner of Internal Revenue, 37 Fed. (2d) 880, the business activities of the appellant corporation were almost identical to the activities of the petitioner in the case at bar, and the court in holding that it was organized for profit, said:
* * * The business which appellant was authorized to do, and which it has done, includes lines of work ordinarily performed by mercantile agencies trust companies, attorneys at law, creditmen and collection agencies, with a view to making a profit. There is no claim that appellant intended to transact this work without making a profit, and the fact that it has been profitable is shown by the amount of a net income for the year in question of $11,129.33 and by a surplus of $46,361.14, with a capital stock of $2,170.
With respect to the question of whether the said net profits of the Northwestern Jobbers’ Credit Bureau inured to the benefit of its shareholders, the court said that while no cash or property was distributed as dividends, the appellant used its net profits in providing services for which it did not receive the full cost thereof, that the shareholders and other individuals received the benefit of those valuable services which were reasonably necessary in the proper conduct of their business and that in such manner the appellant’s net profits did inure to the benefit of its shareholders and to private individuals.
Under authority of the decision in the Northwestern Jobbers' Credit Bureau v. Commissioner of Internal Revenue, supra, we hold that during the years 1925, 1926, and 1927, this petitioner was not a business league, “not organized for profit and no part of the net earnings of which inures to the benefit of any private shareholder or individual,” and that it was not exempt from Federal income tax during those years within the meaning of section 231 (7) of the Revenue Acts of 1924 and 1926.
Petitioner contends that a corporation coming within the exemptions provided by section 231 may have a net income, and we agree with that contention to the extent that such net income is earned merely as an incident to the main altruistic purpose of the *239 corporation such as in the cases of Waynesboro Manufacturers Association, supra, and Trinidad v. Sagrada Orden de Predicadores, 263 U. S. 578. The facts in the case at bar clearly establish that petitioner earned net profits in carrying on the business it was organized to engage in, which business is one ordinarily carried on for the purpose of making an income. The petitioner also contends that if profits be earned the destination of such profits rather than the source is the determining factor and that inasmuch as its stock was held by the St. Louis Association of Credit Men, a nonprofit and nonbusiness organization, its net profits could not inure to the benefit of any private shareholder. However, the Act provides, as one of the conditions for exemption, that the net profits shall not inure “ to the benefit of any private shareholder or individual.” The facts of record establish that petitioner’s net profits were used in rendering services at cost and at less than cost or entirely gratis to the members of the St. Louis Association of Credit Men and that such services were valuable and necessary to the conduct of their business. In our opinion that constituted an inurement of the benefits of petitioner’s net profits to private individuals within the meaning of the Act.
Petitioner relies upon the decision in the case of Kansas City Hay Dealers Association v. Crooks, 28 Fed. (2d) 909, in which case it was held that that association, organized for the purpose of maintaining a hay association; promoting uniformity in customs and usages of merchants; inculcating principles of justice and equity in business; facilitating the speedy adjustment of business disputes; inspiring confidence in the business league; disseminating valuable commercial and economic information; and generally securing to its members the benefits of cooperation in the furtherance of their legitimate pursuits and promoting the welfare of Kansas City, was exempt from Federal income tax. That decision was affirmed by the Circuit Court of Appeals of the Eighth Circuit on December 16, 1929, as reported in 37 Fed. (2d) 83, and the same court on January 10, 1930, handed down the decision in case of Northwestern Jobbers' Credit Bureau, supra, and in distinguishing the two cases, pointed out that the Hay Dealers Association operated no business, while the chief, and not incidental, purposes of the Jobbers’ Credit Bureau were its activities for which it received a substantial income. That differentiation applies with equal 'force to the case at bar, and the Hay Dealers case, supra.
The petitioner’s activities fall within that class of enterprises ordinarily carried on for profit in one form or another to those engaged in or served by such enterprises. Cf. A—1 Cleaners & Dyers Co., 14 B. T. A. 1314; Growers Cold Storage Co., 17 B. T. A. 1279; *240 and Uniform Printing & Supply Co., 9 B. T. A. 251; affd., Uniform Printing & Supply Co. v. Commissioner of Internal Revenue, 33 Fed. (2d) 445; certiorari denied, 280 U. S. 69a.

Judgment will he entered for the respondent.