PRODUCE EXCHANGE STOCK CLEARING ASSOCIATION, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 62105.   Promulgated April 26, 1933.

*Allen H. Gardner, Esq.*, for the petitioner.
*I. Graff, Esq.*, for the respondent.

**OPINION.**

SMITH: The petitioner claims to be exempt from income tax for the year 1929 under section 103 of the Revenue Act of 1928, which provides in part as folows:

SEC. 103    EXEMPTIONS FROM TAX ON CORPORATIONS.

The following organizations shall be exempt from taxation under this title—

\*          \*          \*          \*          \*          \*          \*

(7) Business leagues, chambers of commerce, real estate boards, or boards of trade, not organized for profit and no part of the net earnings of which inures to the benefit of any private shareholder or individual.

Article 528 of Regulations 74, promulgated under the Revenue Act of 1928, provides as follows:

ART. 528. *Business leagues, chambers of commerce, real estate boards, and boards of trade.*—A business league is an association of persons having some common business interest, the purpose of which is to promote such common interest and not to engage in a regular business of a kind ordinarily carried on for profit. It is an organization of the same general class as a chamber of com-

**1218**

merce, or board of trade. Thus its activities should be directed to the improvement of business conditions or to the promotion of the general objects of one or more lines of business as distinguished from the performance of particular services for individual persons. An organization whose purpose is to engage in a regular business of a kind ordinarily carried on for profit, even though the business is conducted on a cooperative basis or produces only sufficient income to be self-sustaining, is not a business league. An association engaged in furnishing information to prospective investors, to enable them to make sound investments, is not a business league, since its activities do not further any common business interest, even though all its income is devoted to the purpose stated. A stock exchange is not a business league, a chamber of commerce, or a board of trade within the meaning of the law and is not exempt from tax.

It is apparent that to be exempt from income tax the petitioner must be (1) a business league, chamber of commerce, real estate board, or a board of trade; (2) not organized for profit; and (3) an organization no part of the net earnings of which inures to the benefit of any private stockholder or individual.

Manifestly the petitioner is not a chamber of commerce, real estate board, or board of trade, as those terms are ordinarily understood. We are also of opinion that it is not a business league within the contemplation of the statute. It is to be noted that the term "business league" is used in connection with the words "chamber of commerce, real estate board, or board of trade." By the familiar doctrine of *noscitur a sociis* a business league must have the general characteristics of a chamber of commerce, real estate board, or board of trade to be exempt from tax. We commented upon this fact in *Uniform Printing & Supply Co.*, 9 B. T. A. 251, and held that since that organization did not have the general characteristics of a chamber of commerce, etc., it was not exempt from tax. Our decision in that case was affirmed by the Circuit Court of Appeals for the Seventh Circuit, 33 Fed. (2d) 445, and certiorari was denied, 280 U. S. 591. We further stated our conception of a "business league" in *Waynesboro Manufacturers Assn.*, 1 B. T. A. 911, which we held exempt from income tax. Generally speaking, our conception of a business league exempt from income tax is an association of business men or of business enterprises, incorporated or unincorporated, which has for its purpose the furtherance of the interest of its members by way of the furnishing of information to its members, or the performance of services which are not ordinarily carried on by businesses for profit, and which is not organized for profit and no part of the net earnings of which inures to the benefit of any private shareholder or individual.

It is furthermore to be noted that the statute provides for the exemption of business leagues, etc., "not organized for profit." The petitioner was incorporated under the Stock Corporation Law of the State of New York, Article II, section 5 of which provides that "three or more persons may become a stock corporation for any

lawful business purpose or purposes." (Cahill's Consolidated Laws of New York, 1930, p. 2257.) Article I, section 3, of the General Corporation Law of the State of New York defines a "business corporation" as a "corporation formed under or subject to the stock corporation law." (Cahill's Consolidated Laws of New York, 1930, p. 972.) Article VI, section 58, of the Stock Corporation Law authorizes the "payment of dividends by corporations organized pursuant to the provisions of said law." (Cahill's Consolidated Laws of New York, 1930, p. 2267.)

In contradistinction to these provisions the New York laws also provide for the incorporation of organizations known as "membership corporations." Article I, section 2, of the Membership Corporation Law defines the term "membership corporation" as a "corporation not organized for pecuniary profit" and provides for the incorporation thereunder of such organizations as cemetery associations, corporations for prevention of cruelty, medical societies, historical associations, and agricultural and horticultural associations. (Cahill's Consolidated Laws of New York, 1930, pp. 1418–1436.)

Although up to the present time the petitioner has not paid any dividends to its sole stockholder, the New York Produce Exchange, there appears to be no reason under the law why it could not amend its by-laws and pay dividends to its sole stockholder.

Upon the facts of record we are of the opinion that the petitioner does not qualify as a corporation exempt from income tax for 1929. Cf. *Northwestern Jobbers' Credit Bureau*, 14 B. T. A. 362; affd., *Northwestern Jobbers' Credit Bureau* v. *Commissioner*, 37 Fed. (2d) 880; *A–1 Cleaners & Dyers Co.*, 14 B. T. A. 1314; *Growers Cold Storage Co.*, 17 B. T. A. 1279; *Adjustment Bureau of St. Louis Association of Credit Men*, 21 B. T. A. 232; *Ft. Worth Grain & Cotton Exchange*, 27 B. T. A. 983.

Reviewed by the Board.

*Judgment will be entered for the respondent.*

MURDOCK and GOODRICH concur in the result.