UNIFORM PRINTING & SUPPLY CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 60909. Promulgated February 11, 1936.

*Walter H. Eckert, Esq.,* and *Tom Leeming, Esq.,* for the petitioner.

*J. E. Marshall, Esq.,* for the respondent.

## OPINION.

MELLOTT: Petitioner contends that it is exempt from taxation under the provisions of section 103 (7) of the Revenue Act of 1928,[1] shown in the margin. It contends that it is a "business league" not organized for profit and that no part of its net earnings inured to the benefit of any private stockholder or individual. In the alternative, it contends that the sum of $128,943.46 distributed by it to its customers, all of whom were stockholders, represented "rebates" or "refunds" which should be excluded from its taxable income.

We shall discuss these contentions in the order of their statement, but before doing so shall dispose of respondent's plea in bar, presented upon brief, in which he avers that a previous decision of this Board is *res adjudicata* of the issues raised herein, citing in that connection *Tait* v. *Western Maryland Railway Co.*, 289 U. S. 620.

The previous decision relied upon is *Uniform Printing & Supply Co.*, 9 B. T. A. 251; affd., 33 Fed. (2d) 445; certiorari denied, 280

[1] SEC. 103. EXEMPTION FROM TAX ON CORPORATIONS.

The following organizations shall be exempt from taxation under this title—

\* \* \* \* \* \* \*

(7) Business leagues, chambers of commerce, real estate boards, or boards of trade, not organized for profit and no part of the net earnings of which inures to the benefit of any private shareholder or individual; \* \* \*

U. S. 591. In that case it was held that this petitioner was not a business league and its claim for exemption was denied. In affirming the decision of the Board, the court, after adverting to the fact that the profits or net income of the petitioner was included in the value of the property owned by it, which, upon dissolution, might be divided among the stockholders, said:

It necessarily follows therefore that the petitioner was organized for profit, and that the profits or net income of petitioner company for the year 1918 did inure to the benefit of the stockholders, thereby removing it from that class of taxpayer which is exempt under section 231 (7) of the Revenue Act of 1918 [which section is identical with section 103 (7) of the 1928 Act in all particulars here important].

In *Tait* v. *Western Maryland Railway Co.*, *supra*, the Supreme Court decided that parties are "concluded in a suit for one year's tax as to the right or question adjudicated by a former judgment respecting the tax of an earlier year", and that both the Government and the taxpayer should be relieved "from redundant litigation of the identical question of the statute's application to the taxpayer's status."

The petitioner argues that the evidence presented in the former proceeding differs from that in the instant case and lays emphasis upon the change made in its corporate structure as reflected in our findings, namely, the change which occurred on September 22, 1930. It also stresses the fact that the new stock certificates provided that the surplus earnings not required in the conduct and expansion of the corporation's business should be returned to its customers.

Respondent's contention has substantial merit, and it may be that the previous decision of this Board, affirmed by the courts, is *res adjudicata*. We prefer, however, to resolve the doubt in favor of petitioner and to determine whether or not, under the facts and the evidence before us, it is entitled to exemption.

Do our findings show that petitioner is exempt from taxation as a business league within the purview of section 103 (7), *supra?*

Article 528 of Treasury Regulations 74 reads as follows:

Art. 528. Business leagues, chambers of commerce, real estate boards, and boards of trade.—A business league is an association of persons having some common business interest, the purpose of which is to promote such common interest and not to engage in a regular business of a kind ordinarily carried on for profit. It is an organization of the same general class as a chamber of commerce or board of trade. Thus its activities should be directed to the improvement of business conditions or to the promotion of the general objects of one or more lines of business as distinguished from the performance of particular services for individual persons. An organization whose purpose is to engage in a regular business of a kind ordinarily carried on for profit, even though the business is conducted on a cooperative basis or produces only sufficient income to be self-sustaining, is not a business league. An association engaged in furnishing information to prospective investors, to enable them to

make sound investments, is not a business league, since its activities do not further any common business interest, even though all of its income is devoted to the purpose stated. A stock exchange is not a business league, a chamber of commerce, or a board of trade within the meaning of the law and is not exempt from tax.

This administrative interpretation of the term "business league" has continued over a period of several years. By clear implication it has been ratified by Congress in the reenactment of the provision here under consideration without substantial change. It is, therefore, entitled to great weight and should not be disturbed. *United States* v. *Hermanos y Compania*, 209 U. S. 337, 339; *United States* v. *Falk*, 204 U. S. 143, 152; *United States* v. *Safety Car Heating & Lighting Co.*, 297 U. S. 88.

The courts and this Board have frequently held that to be exempt from income tax the petitioner must show three facts—(1) that it is a business league, chamber of commerce, real estate board, or board of trade; (2) that it is not organized for profit; and (3) that no part of its net earnings inures to the benefit of any private stockholder. Clearly no other interpretation of section 103 (7) can be made. Cf. *Northwestern Jobbers Credit Bureau*, 14 B. T. A. 362; affd., 37 Fed. (2d) 880; *Produce Exchange Stock Clearing Association, Inc.*, 27 B. T. A. 1214; affd., 71 Fed. (2d) 142; *Fort Worth Grain & Cotton Exchange*, 27 B. T. A. 983; *Adjustment Bureau of St. Louis Association of Credit Men*, 21 B. T. A. 232; *Louisville Credit Men's Adjustment Bureau* v. *United States*, 6 Fed. Supp. 196.

In its brief petitioner states that the decision of the Board in its earlier case (*Uniform Printing & Supply Co., supra,*) indicates that the possibility of dividends, or the possibility of an accumulation of income, was the reason why it was denied the exemption therein claimed, and that it has now rendered such possibilities impossible by amendment to its charter and by-laws. It apparently overlooks, however, the following language in the decision, which, notwithstanding the amendments relied upon, is still applicable: "This taxpayer does, in part at least, 'engage in a regular business of a kind ordinarily carried on for profit' and therefore unless the regulation is wrong it must be enforced and the exemption denied." Petitioner has made no change in the nature of its activities. It still operates a large printing establishment from which it derives its earnings and is clearly engaged in a regular business of a kind ordinarily carried on for profit.

While the above holding is sufficient to warrant the denial of the claimed exemption, it should be noted in passing that petitioner's surplus earnings will, very definitely, inure to the benefit of its stockholders. The resolution specifically provides that "all of the surplus earnings not in the opinion of the Board of Directors re-

quired in the conduct and/or expansion of the business of the corporation, shall each year be returned to the customers of the corporation in the proportion that the gross amount of business furnished by any customer, bears to the gross amount of business done by the company * * *." The stockholders of the petitioner are its sole and only customers. Any distribution of earnings must, therefore, and does, inure to the benefit of its stockholders.

The fact that some of the stockholders may not receive distributive shares in any particular year because they have furnished no business to petitioner is immaterial. *All* of the stockholders will eventually receive some benefit from the earnings which have been used for the expansion of the business of the corporation.

That a large proportion of its profits has been devoted to this purpose is apparent from the fact that although it started with an initial investment of $35,000, it now has total assets of nearly $1,000,000. Notwithstanding the change in petitioner's charter and bylaws, therefore, we are satisfied that its profits do inure to the benefit of its stockholders. It is not a "business league" within the purview of section 103 (7) of the Revenue Act of 1928.

The remaining question is whether the distribution made by the petitioner was, as contended by it, a "rebate" or "refund", or a "dividend" within the meaning of the word as used in the revenue act. The statute (sec. 115, Act of 1928) says that a dividend "means any distribution made by a corporation to its shareholders, whether in money or in other property, out of its earnings or profits accumulated after February 28, 1913." Clearly, the distribution made by petitioner was a part of its earnings or profits accumulated after February 28, 1913. It was made to its shareholders in money, and falls squarely within the statutory definition of a dividend.

The citation of additional authorities is supererogatory. Reference to a recent decision by the Circuit Court of Appeals for the Second Circuit, however, may be helpful. In *Produce Exchange Stock Clearing Association, Inc.* v. *Helvering, supra*, substantially the same contention was made as is here being made by petitioner. The court, holding that the statute was never intended to grant an exemption from tax to an association "which merely serves each member as a convenience or economy in his business", said:

The statute could never have contemplated that by creating a subsidiary corporation to furnish such facilities, even though they were intended to be performed at cost, it could obtain tax exemption for its creature.

We must, and do, hold that petitioner is not entitled to exemption from taxation, and that the respondent committed no error in determining the above deficiency.

*Judgment will be entered for the respondent.*