RETAILERS CREDIT ASSOCIATION OF ALAMEDA COUNTY, A CORPORATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 78008. Promulgated February 25, 1936.

*John L. Reith, Esq.,* and *D. A. Sargent, C. P. A.,* for the petitioner.
*C. P. Reilly, Esq.,* for the respondent.

OPINION.

LEECH: The petitioner reported a net income of $6,878.61 for the calendar year 1931. It paid no tax on that income upon the ground that it was an exempt corporation under the Revenue Act of 1928, section 103 (7).[1] The respondent denied petitioner the exempt

---

[1] SEC. 103. EXEMPTIONS FROM TAX ON CORPORATIONS.

The following organizations shall be exempt from taxation under this title—

&ast; &ast; &ast; &ast; &ast; &ast; &ast;

(7) Business leagues, chambers of commerce, real estate boards, or boards of trade, not organized for profit and no part of the net earnings of which inures to the benefit of any private shareholder or individual; &ast; &ast; &ast;

status, as claimed, and accordingly determined the pending deficiency. The only issue presented is whether the respondent was correct in his denial of petitioner's asserted exemption from income tax under the cited statutory provision.

The rule that a taxing act shall be construed strictly against the Government in the inclusion of income within its purview is reversed where the taxpayer seeks the benefit of an exemption from such tax. To secure such exemption, the taxpayer must not only carry whatever burden of proof the determination of the pending deficiency imposes (*Helvering* v. *Taylor*, 293 U. S. 507), but must proceed perceptibly further and bring itself strictly within the provisions of the act creating the exemption. *Central Cooperative Oil Association*, 32 B. T. A. 359, and cases therein cited.

Under the cited statutory provision, the protection of which petitioner seeks, the taxpayer, to prevail, must establish clearly the existence of three conditions. These are: (1) That no part of the net earnings of petitioner inured to the benefit of any individual during the year 1931; (2) that petitioner was not organized for profit; and (3) that, during the year 1931, petitioner was either a business league, chamber of commerce, real estate board, or board of trade within the intendment of the quoted section.

As to the first condition, it is admitted here that no dividend in money or property has ever been paid to its members by petitioner. However, this fact is not conclusive of the existence of that condition. Profit can result to members in other ways than from the distribution of such dividends. *Houston Belt & Terminal Railway Co.* v. *United States*, 250 Fed. 1; *Fort Worth Grain & Cotton Exchange*, 27 B. T. A. 983. Obviously, the expenses of the many incidental services which petitioner was rendering its members and for which it made no charge were paid from its current income from those services for which a charge was made, or from its surplus, built up from those charges. It necessarily follows, we think, that petitioner's profits, in that way, inured to the benefit of its members enjoying those services for which no charge was made. *Northwestern Jobbers Credit Bureau* v. *Commissioner*, 37 Fed. (2d) 880, affirming 14 B. T. A. 362.

With reference to the second condition, it is true that the enabling act of California, under which petitioner was incorporated, permitted the organization of petitioner as a nonprofit company. It is likewise true that there is testimony in the record that petitioner was not organized nor operated for profit. However, an examination of its purposes set out in its articles of incorporation, as well as the activities in which it was engaged, leads us unavoidably to the conclusion that the primary purpose for which the petitioner was organized and operated was the furnishing of credit reports and the

collection of accounts for its members. In our judgment, these activities are such as are ordinarily carried on for the purpose of making profit. *Northwestern Jobbers Credit Bureau* v. *Commissioner, supra.* It is true these profits were to be limited to the necessities of its expanding business. But, that petitioner contemplated earning a profit appears from its bylaw providing for the allocation of those profits and the discretionary payment of dividends. *Rubber Co.* v. *Goodyear,* 76 U. S. 788. In fact, petitioner, until the tax year, had made a profit of $32,587.53, and in 1931 undoubtedly derived a profit of $6,878.61, which the respondent here seeks to tax. We conclude the petitioner here was organized for profit. *Northwestern Jobbers Credit Bureau* v. *Commissioner, supra;* and *Fort Worth Grain & Cotton Exchange, supra.*

In connection with the third condition, it is obvious petitioner was neither a chamber of commerce, real estate board, or board of trade. Our inquiry then is limited to whether, during 1931, it was a "business league" within the intendment of the quoted section.

The regulations of the respondent, construing this term as it has appeared in each of the revenue acts since that of 1918, at least so far as here relevant, have remained substantially unchanged. These regulations have been approved as properly construing the controlling statutory provision. *Uniform Printing & Supply Co.* v. *Commissioner,* 33 Fed. (2d) 445; affirming 9 B. T. A. 251; certiorari denied, 280 U. S. 591. See margin for Regulations 74, article 528, construing the controlling statutory provision.[2]

Aside from any other reason that precludes petitioner here from the essential designation of "business league" under that regulation, we think the conclusion is unescapable that the petitioner, during 1931, was "An organization whose purpose is to engage in a regular business of a kind ordinarily carried on for profit, even though the business is conducted on a cooperative basis or produces only sufficient income to be self-sustaining  *  *  *." The taxpayer's primary purpose and business was the furnishing of credit reports and the collection of accounts for its members. These are the only real

---

[2] ART. 528. *Business leagues, chambers of commerce, real estate boards, and boards of trade.*—A business league is an association of persons having some common business interest, the purpose of which is to promote such common interest and not to engage in a regular business of a kind ordinarily carried on for profit. It is an organization of the same general class as a chamber of commerce or board of trade. Thus its activities should be directed to the improvement of business conditions or to the promotion of the general objects of one or more lines of business as distinguished from the performance of particular services for individual persons. An organization whose purpose is to engage in a regular business of a kind ordinarily carried on for profit, even though the business is conducted on a cooperative basis or produces only sufficient income to be self-sustaining, is not a business league. An association engaged in furnishing information to prospective investors, to enable them to make sound investments, is not a business league, since its activities do not further common business interest, even though all of its income is devoted to the purpose stated. A stock exchange is not a business league, a chamber of commerce, or a board of trade within the meaning of the law and is not exempt from tax.

purposes appearing definitely in its articles of incorporation. Its income arises, at least principally, if not wholly, from those activities. During some years one of those activities may result in losses, and the other profit. In other years, the converse is true. But the profits always arise from one or both of those activities. It is true petitioner engaged in numerous other gratuitous activities, as advertising campaigns for the encouragement of prompt payment of accounts payable by the public, and other movements that are indeed laudable and of public benefit. But these activities were merely incidental to its primary purpose and business of furnishing credit reports to and collecting accounts for its members, from which its income and profits were derived. *Northwestern Jobbers Credit Bureau* v. *Commissioner, supra; Fort Worth Grain & Cotton Exchange, supra.* That regular business of supplying credit reports and collecting accounts, for members, was a business ordinarily carried on for profit. *Uniform Printing & Supply Co.* v. *Commissioner, supra; Northwestern Jobbers Credit Bureau* v. *Commissioner, supra; Fort Worth Grain & Cotton Exchange, supra.* The Court of Appeals for the Second Circuit, in construing the statutory provision controlling here, in the case of *Produce Exchange Stock Clearing Association, Inc.* v. *Helvering*, 71 Fed. (2d) 142, said:

\* \* \* The numerous subdivisions of section 103 of the Revenue Act of 1928 (26 USCA § 2103), and the corresponding provisions in the earlier acts, specify organizations which, in the great majority of instances, are evidently granted exemption because of the benefit to be derived by the public from their activities. Cf. *Trinidad* v. *Sagrada Orden* 263 U. S. 578, 581. [Citations] There is reason why these should be favored, but none is apparent for exempting an association which merely serves each member as a convenience or economy in his business. This is the distinction which the Board of Tax Appeals and the courts have taken in applying the provision in question to somewhat analagous situations. [Citations.]

That expression seems pertinent here.

Though the petitioner was held by the Commissioner of Internal Revenue to be an exempt corporation within the provisions of the presently applicable and above quoted provisions of the revenue law, in connection with capital stock tax, and although an administrative officer of the State of California may have held it to possess the qualifications necessary to its present asserted exemption, our jurisdiction is original and is controlled solely by the factual record presented here. Upon that record, the respondent's denial of the disputed exemption is sustained.

Reviewed by the Board.

*Judgment will be entered for the respondent.*

SMITH, TRAMMELL[3], VAN FOSSAN, and MURDOCK concur in the result solely upon the ground that the petitioner is not a "business league."