**SUN-HERALD CORPORATION v. DUGGAN, Collector of Internal Revenue.**

District Court, S. D. New York.
July 18, 1933.

De Forest Cullom & Elder, of New York City, for plaintiff.

George Z. Medalie, U. S. Atty., of New York City, for defendant.

FRANK J. COLEMAN, District Judge.

Motion by the defendant to dismiss the complaint on the ground that it does not state a cause of action. The sole question is whether or not in paragraph 14, § 103, of the Revenue Act of 1928 (26 USCA § 2103 (14), the word "organized" can be taken to relate to more than the mere certificate of incorporation. Unquestionably this plaintiff was so equipped and manned that during the tax periods in suit it was necessarily confined in its activities and operations to "the exclusive purpose of holding title to property," etc.; but under its certificate of incorporation it had authority from the state of New York to engage in other activities.

The justice of the situation, apart from legalisms, is quite plain. Undoubtedly, it was within the policy of Congress to exempt the plaintiff during these periods. The only question is whether or not the words used in the statute are sufficient to give effect to the congressional purpose in this instance. A strict construction in which the word "organized" would be given its ordinary meaning of having powers specified in the certificate of incorporation would, unquestionably, make the plaintiff liable for the taxes in suit, but it seems to me that it is possible without doing violence to the language to stretch its meaning so as to have it include the actual organization regardless of the legal powers given it by the state. The plaintiff was not equipped nor manned in such a way as to exercise its powers, and I believe it may be held that they were outside the scope of its organization. I, therefore, deny the defendant's motion with leave to answer within ten days.