584

HANOVER WATER WORKS CO. v.
GAGNE, Collector of Internal
Revenue.
No. 960.

District Court, D. New Hampshire.
March 10, 1937.

John R. McLane (of McLane Davis & Carleton), of Manchester, N. H., for plaintiff.

Alexander Murchie, U. S. Atty., of Concord, N. H., for defendant.

MORRIS, District Judge.

In this action at law the plaintiff seeks to recover the sum of $146.71, paid as a capital stock tax and interest thereon, under the provisions of section 215 (a) of the National Industrial Recovery Act (chapter 90, § 215 (a), June 16, 1933, 48 Stat. 207).

The plaintiff bases its claim for recovery on the ground that it was exempt from the payment of the capital stock tax imposed by the said section 215 (a) because it is exempt from filing income tax returns under section 103 of the Revenue Act of 1932 (chapter 209, § 103 (14), June 6, 1932, 47 Stat. 194, 26 U.S.C.A. § 103 (14) and note) on account of the fact that its capital stock is owned 50 per cent. by Dartmouth College and 50 per cent. by the village precinct of Hanover, both being corporations exempt from income taxes.

Stipulation by Counsel.

During the progress of the trial, counsel for the parties made the following stipulation: "Plaintiff's claim for refund was duly filed and the claim for exemption was stated in the following language: 'Tax payer claims exemption from payment of capital stock tax imposed by section 215 of the National Industrial Recovery Act on the ground that it is exempt from filing income tax returns under section 103 of the Revenue Act of 1932 as its capital stock is owned fifty percent by Dartmouth College, Hanover, New Hampshire and fifty percent by the Village Precinct, Hanover, New Hampshire, both being corporations exempt from income taxes.'"

Counsel further stipulate: "That the Hanover Water Works Company paid to the Collector of Internal Revenue, the defendant in this case, the sum of $146.71 on the 8th day of October 1935, which included the amount of $125.00 tax plus interest of $21.71."

It is stipulated further: "That the plaintiff filed its claim for a refund on November 2, 1935."

It is further stipulated: "That the plaintiff's claim for refund was rejected in a letter addressed by the Collector to the

Hanover Water Works Company dated June 4, 1936, and received by the plaintiff in the due course of the mail."

Plaintiff's writ is dated May 21, 1936. The tax in issue was assessed for the year 1933. The computation of the tax based on the return is not in issue. The real issue is whether any tax should be assessed. To state the issue more definitely, was the plaintiff exempted from payment of the capital stock tax (imposed by section 215 (a) of the National Industrial Recovery Act by section 215 (c) (1) of the said act) on the ground that said plaintiff is one of those corporations enumerated in section 103 of the Revenue Act of 1932 and particularly subdivision (14) of the said section 103?

The applicable statutes involved are those above mentioned. The National Industrial Recovery Act, § 215 (a), provides as follows: "For each year ending June 30 there is hereby imposed upon every domestic corporation with respect to carrying on or doing business for any part of such year an excise tax of $1 for each $1,000 of the adjusted declared value of its capital stock."

The exemption clause, chapter 90, § 215 (c) (1), is as follows: "The taxes imposed by this section shall not apply—(1) to any corporation enumerated in section 103 of the Revenue Act of 1932."

The Revenue Act of 1932, c. 209 § 103 (14), 26 U.S.C.A. § 103 (14) and note provides:

"The following organizations shall be exempt from taxation under this title [chapter]— * * *

"(14) Corporations organized for the exclusive purpose of holding title to property, collecting income therefrom, and turning over the entire amount thereof, less expenses, to an organization which itself is exempt from the tax imposed by this title [chapter]."

Dartmouth College is exempt from taxation under subdivision (6) of section 103 of the above-entitled act (26 U.S.C.A. § 103 note), which reads as follows: "Corporations * * * organized and operated exclusively for religious, charitable, scientific, literary, or educational purposes."

The village precinct is exempt under Revenue Act of 1932, c. 209 § 116 (d), 26 U.S.C.A. § 116 (d) and note, which provides that income accruing to political subdivisions of a state, municipalities, etc., shall be exempt.

### History.

The Hanover Water Works Company was organized by special act of the New Hampshire Legislature (Laws 1893, c. 290 § 1 et seq.), "for the purpose of bringing water into the village of Hanover to be used for domestic, fire, and other purposes," and was "vested with all the powers and made subject to all the liabilities incident to corporations of a similar nature." Section 1. The original authorized capital stock was $75,000. Of this amount the village precinct of Hanover was authorized to subscribe for $25,000 and the Trustees of Dartmouth College for $25,000. The company was empowered to borrow $25,000 on its notes or bonds to complete its "water works." The charter of the company was later amended (Laws 1925, c. 272). By such amendment the authorized capital stock was increased to $100,000, the village precinct of Hanover was authorized to subscribe for an amount not exceeding $50,000, and pay for the same by means of money borrowed on its notes or bonds, and the Trustees of Dartmouth College were authorized to subscribe for a like amount.

There appears to be an error in the stipulation of counsel wherein it is stated that Dartmouth College and the Hanover Precinct each owned 50 per cent. of the capital stock of the Hanover Water Works Company. The stock book shows that the college owns 475 shares par value of $100 each and the precinct 425 shares.

It is apparent that in 1893 the Hanover Precinct and Dartmouth College were desirous of obtaining an adequate supply of water and that in their efforts to do so they agreed to apply to the New Hampshire Legislature to secure the passage of an independent corporation to carry out the idea. There is nothing in the act of incorporation that indicates any purpose of selling stock to private individuals. The entire stock to be issued was to be taken by the precinct and the college. The title to the water works was to be held by the new corporation to be formed. The subsequent history including the 1925 amendment substantiates the conclusion that the stock of the corporation was to be owned exclusively by the precinct and the college and negatives the idea that any stock was to be sold to the public.

586

Both parties waived a jury trial in writing and the case was heard by the court. In accordance with the established practice, both sides have filed requests for special findings of fact and rulings of law.

### Plaintiff's Special Requests for Findings of Facts.

Plaintiff has filed three requests. Request No. 1 relates entirely to the formation of the company and amendment to its charter, facts not in dispute, which have already been covered.

I find in accordance with request No. 2 as follows: "2. In the original incorporation of the plaintiff it was contemplated that the necessary capital to be raised by stock subscription should be subscribed exclusively by the Trustees of Dartmouth College and the Village Precinct of Hanover. The organization as contemplated was carried out and the stock has always been exclusively owned by the Trustees of Dartmouth College and the Village Precinct of Hanover which are both corporations exempt from income tax. The Charter amendment under Laws of 1925, chapter 272, was pursuant to this plan which has been consistently followed throughout the history of the Plaintiff."

I find in accordance with request No. 3 as follows: "3. The plaintiff was organized for the exclusive purpose of holding title to property, collecting incomes therefrom and turning over the entire amount thereof, less expenses, to stockholders which are themselves exempted from income tax imposed by Title 1 of the Revenue Act of 1932."

### Defendant's Requests for Special Findings of Facts.

Defendant has filed four requests for special findings of facts. Request No. 1, which relates to the formation of the company, I have already covered.

I find in accordance with request No. 2, with slight modifications with respect to the sale of hay, as it does not appear that any hay was sold during the taxable year: "2. During the taxable period the plaintiff furnished water to 500 families and to the hydrants of the Village Precinct and to Dartmouth College and derived all its income from water rentals. * * * Over half of its income was derived from the sale of water to inhabitants of the Village Precinct. Its income was used to defray expenses, pay interest on the mortgages, and dividends on its stock."

I find in accordance with request No. 3, except for a variation in the figures to correspond with the record: "3. At the end of the taxable period, the plaintiff had assets of the value of about $273,268.92, and liabilities independent of capital stock and a gain for the year in the amount of about $155,247.00."

I find in accordance wth request No. 4 as follows: "4. The plaintiff did during the taxable period and does now operate at a profit."

### Rulings of Law.

■ In 1917 the plaintiff sought from Washington a ruling on the question of whether under the Act of September 8, 1916 (39 Stat. 756), it was required to file returns of annual net income. On March 9, 1917, it received a letter from the then acting Commissioner of Internal Revenue from which I quote the following: "In reply you are informed that the Act of September 8, 1916, provides that 'a Corporation or Association organized for the exclusive purpose of holding title to property, collecting income therefrom, and turning over the entire amount thereof, less expenses, to an organization which itself is exempt from the tax imposed by this title,' and therefore since the entire stock of the Hanover Water Works Company is owned by the Village Precinct of Hanover and the Trustees of Dartmouth College which are exempt under the Act referred to above, it is held that the Hanover Water Works Company need not file returns of annual income."

The plaintiff acted under this ruling until the passage of the National Industrial Recovery Act, June 16, 1933, 48 Stat. 207.

It is not seriously contended that the ruling of the former Commissioner is binding upon the present Commissioner.

I rule that the present Commissioner of Internal Revenue is not estopped from assessing the tax in question by the ruling of a former Commissioner. Stanford University Book Store v. Guy T. Helvering, 65 App.D.C. 364, 83 F.(2d) 710.

■ I hold that under the Revenue Act of 1932 income accruing to a political subdivision of a state is exempt from paying an income tax, and that the Hanover Precinct being a subdivision of the state is exempt under the provisions of section 116 (d), above mentioned.

I hold that Dartmouth College is exempt from paying an income tax under

the provisions of the Revenue Act of 1932, c. 209, § 103 (6), 26 U.S.C.A. § 103 note, above quoted.

In accordance with the above special findings of fact, I rule that the Hanover Water Works Company comes within the exemption provided in Revenue Act 1932, c. 209, § 103 (14), 26 U.S.C.A. § 103 (14) and note, above quoted, and is therefore exempt from paying a capital stock tax under the provisions of National Industrial Recovery Act, c. 90, § 215 (c) (1).

The case appears to be distinguishable from Sun-Herald Corp. v. Duggan (C.C. A.) 73 F.(2d) 298, 301, in that the Sun-Herald Corporation was originally organized under the business corporation law of the state of New York for the purpose of conducting a general newspaper publishing business which in fact it carried on for several years. The court held that it did not fulfill the requirements of paragraph (14), supra, as it was not a corporation "organized for the exclusive purpose of holding title to property, collecting income therefrom," etc.

To come within the statute two things must concur; the corporation must be organized for the purposes mentioned in the statute and must be operated according to its provisions. As I have found that both these conditions concur the Hanover Water Works Company is entitled to the exemption.

The defendant has filed six requests for specific rulings of law. As they are in conflict with the rulings above made, they are all denied.

The order is verdict for the plaintiff for $146.71, with interest from October 8, 1935.