In the Matter of FIRST NATIONAL SAFE DEPOSIT COMPANY.—No. 37758 —173 S. W. (2d) 403.

Court en Banc, July 14, 1943.

424

*Bryan, Williams, Cave & McPheeters* for appellant.

*Roy McKittrick,* Attorney General, and *Russell C. Stone,* Assistant Attorney General, for respondent.

LEEDY, J.—This is an appeal from a judgment of the Circuit Court of the City of St. Louis in a statutory proceeding (under what is now Sec. 11366, Mo. R. S. A.) brought by First National Safe Deposit Company, a corporation, as petitioner, to abate an assessment [404] of income tax against it. The trial court denied abatement, found the amount of petitioner's net income for the year in question, and adjudged that the same was subject to the tax, and that the assessment thereof be permitted to stand as made, and petitioner appealed. Appellate jurisdiction is in this court because it is a case "involving the construction of the revenue laws of this state." [Sec. 12, Art. VI, Mo. Const.]

In 1932 First National Bank in St. Louis caused petitioner to be organized as a corporation (the bank being the beneficial owner of all of the capital stock thereof) to take over the business of its safe deposit department. It embarked thereon and conducted the general business of a safe deposit company.[1] It was so engaged throughout 1936, the year in question. The facts show, and the court found petitioner turns over its entire income, less expenses, to First National

---

[1]"The Court further finds that the only activity conducted by First National Safe Deposit Company at any time during its corporate existence to and including December 31, 1936, was to construct, maintain and operate a system of safe deposit vaults and to receive as bailee for safekeeping and storage therein jewelry, plate, money, specie, bullion, stocks, bonds, securities and valuable papers and property of every kind and description, and to let out, lease and rent vaults, safes, safe deposit boxes and other similar receptacles in which its customers may place such things as they may desire; that said business has been conducted in connection with the place of business maintained by First National Bank in St. Louis." [Finding of Facts, #4.]

"The Court further finds that during the entire calendar year 1936 the First National Safe Deposit Company was the owner of certain safe deposit vaults and boxes and receptacles therein, located on the premises which it held under an oral lease and sublease from First National Bank in St. Louis; that it was engaged in renting out to others safe deposit boxes in said vaults and in storing, as bailee for others, various articles in said vaults; that in connection with said business and so as to obtain income from the ownership of said property, it was necessary for it to employ guards and custodians, but that it did no business of any kind and character other than that necessary to obtain an income from the ownership of said safe deposit vaults, which were its only assets during the year 1936 other than cash on deposit in the First National Bank in St. Louis; that at no time did it ever own any assets other than said vaults, boxes and equipment, accounts receivable due from the renters thereof, and cash on deposit in said First National Bank in St. Louis." [Finding of Facts, #6.]

Bank in St. Louis, which, as a national banking association, is exempt from income taxation by the state. On May 1, 1940, the Assessor of the City of St. Louis assessed a tax of $418.54 on petitioner's net income of $20,927.21 for the year 1936. It is agreed the amount so assessed is correct, if said income is taxable. In due time the instant proceeding was instituted with the result indicated. The governing statutes will be referred to as they appear in, and are numbered under, the 1939 revision.

The statute in relation to the incorporation of manufacturing and business companies [Sec. 5338 Mo. R. S. A.] provides that the "articles of agreement shall set out . . . seventh, the purposes for which the corporation is formed." The purpose clause contained in petitioner's articles reads as follows: "Seventh: That the corporation is formed for the following purposes: To construct, maintain and operate a system of safe deposit vaults and to receive as bailee for safe-keeping and storage, jewelry, plate, money, species, bullion, stocks, bonds, securities and valuable papers and property of any kind and description and other valuables with or without guaranteeing their safety on such terms and for such compensation as may be agreed upon; to let out, lease, and rent vaults, safes, safe deposit boxes, and other receptacles and space in connection therewith and to do any and all other things incidental to or necessary or convenient for the conduct of the general business of a Safe Deposit Company."

Petitioner, invoking the twelfth sub-division of Sec. 11344 Mo. R. S. A.[2] "contends that," to quote its brief, "its income is not subject to taxation because it turns over its whole income, less operating expenses, to First National Bank in St. Louis, a national [405] banking association, which is exempt from income taxation by the State of Missouri." Moreover, it says (1) that the purpose for which it was incorporated, within the meaning of Sec. 11344, is to be determined by the reasons leading to, or motives for, incorporating, and not by the charter provisions respecting the scope of the business which may be conducted; (2) that Sec. 11343 exempts purely holding companies, and unless Sec. 11344 be held to apply to such a corporation as petitioner, then the latter section is utterly meaningless, and merely covers the same ground as Sec. 11343. On the other hand the state contends petitioner was not "organized for the exclusive purpose of holding title to property," but was incorporated for the purpose of conducting "the general business of a safe deposit company" (as shown by its articles of incorporation), and actually carried on such business in pursuance of its charter powers, in accordance with its purposes as

---

[2]"There shall not be taxed under this article any income received by any: . . . Twelfth—Corporation or association organized for the exclusive purpose of holding title to property, collecting income therefrom, and turning over the entire amount thereof, less expenses, to an organization which itself is exempt from the tax imposed by this title." [Sec. 11344 Mo. R. S. A.]

declared in said articles. The state further contends that the purpose for which a corporation is organized is to be deduced from its articles of incorporation, and not otherwise.

It is the general rule that taxing statutes are to be strictly construed in favor of the taxpayer, and against the taxing authority; but this does not extend to exemption provisions of such statutes. The applicable rule in the latter connection is as stated in State ex rel. St. Louis Y. M. C. A. v. Gehner, 320 Mo. 1172, 11 S. W. (2d) 30: ". . . no such exemption can be allowed, except upon clear and unequivocal proof that such release is required by the terms of the statute. If any doubt arises as to the exemption claimed, it must operate most strongly against the party claiming the exemption. . . . 'Such statute and constitutional provisions are construed with strictness and most strongly against those claiming the exemption. . . . the burden is on the claimant to establish clearly his right to exemption.' . . . " [See, also, State ex rel. Spillers v. Johnston, 214 Mo. 656, 113 S. W. 1083; 1 Cooley on Taxation (3d Ed.) 357-358.]

Sec. 11344, the statute relied on, is a counterpart of Sec. 101 (14) of the federal income tax act, 26 U. S. C. A., which has been construed by the federal courts. The construction given the section by said courts has been uniformly to the effect that the right of a corporation to an exemption is to be determined by the powers given in its charter, and not by the method by which it operates or conducts its business. [Roche's Beach, Inc., v. Commissioner of Int. Rev., 96 F. (2d) 778, reversing 35 B. T. A. 1087; Gagne v. Hanover Water Works Co., 92 F. (2d) 659, reversing 18 F. Supp. 584; Sun-Herald Corp. v. Duggan, 73 F. (2d) 298, reversing 5 F. Supp. 336.]

Northwestern Municipal Assn. v. U. S., 99 F. (2d) 460, is in point on the question of determining the purpose of an organization, as affecting its liability for income taxes. It was there said, "The purpose of an organization must be determined from the purpose declared in the instrument creating it." And in Helvering v. Coleman-Gilbert Associates, 296 U. S. 369, 80 L. Ed. 278, the Supreme Court of the United States used this language, "The parties are not at liberty to say that their purpose was other or narrower than that which they formally set forth in the instrument under which their activities were conducted." And this court has said, "A corporation as to its character is to be judged by the objects of its creation as expressed in its charter." [Wyatt v. Stillman Institute, 303 Mo. 94, 260 S. W. 73.] See, also, Hall v. Woods (Ill.), 156 N. E. 258, and cases cited. (There appears to be an exception to this rule in determining whether a corporation is or is not a public utility. State ex rel. Buchanan Co. P. T. Co. v. Baker, 320 Mo. 1146, 9 S. W. (2d) 589.)

428

In Murphy v. Concordia Publishing House, 348 Mo. 753, 155 S. W. (2d) 122, 136 A. L. R. 1461, an analogous provision of the Unemployment Compensation Act was construed by this court. The opinion in that case contains an exhaustive review of the Federal cases construing an identical statute, and others, to which the reader is referred. The Murphy case held "that the right of defendant to exemption from the payment of contributions . . . must be determined from its charter powers, and not by the ultimate destination of its net income. To hold otherwise would be to ignore the statute." We think the case at bar is controlled by the same principle. It appearing that petitioner was not organized for the exclusive purpose of holding title to property, and did not confine its activities within the narrow scope prescribed by statute, the [406] exemption sought must be denied. Either of these reasons would be fatal. These conclusions, and the fact that petitioner does not claim to be within the class of holding companies excepted in the third subdivision of section 11343, make it unnecessary to discuss the other rule of statutory interpretation invoked by appellant. The judgment is affirmed. All concur except *Gantt, J.*, absent.