## SUN–HERALD CORPORATION v. DUGGAN, Collector of Internal Revenue.

### No. 40.

Circuit Court of Appeals, Second Circuit.

Nov. 5, 1934.

Martin Conboy, U. S. Atty., of New York City (Ralph E. Stone, Asst. U. S. Atty., of New York City, of counsel), for defendant-appellant.

DeForest, Cullom & Elder, of New York City (Neil P. Cullom and Oliver H. Payne, both of New York City, of counsel), for plaintiff-appellee.

Before MANTON, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

The question raised by this appeal is whether, within the meaning of section 103 (14) of the Revenue Act of 1928 (26 USCA § 2103 (14), the plaintiff Sun-Herald Corporation was "organized for the exclusive purpose of holding title to property" and on that ground exempt from income taxes during the years 1928 and 1929.

The statute invoked provided that:

"The following organizations shall be exempt from taxation under this title— * * * (14) Corporations organized for the exclusive purpose of holding title to property, collecting income therefrom, and turning over the entire amount thereof, less expenses, to an organization which itself is exempt from the tax imposed by this title."

On January 28, 1920, the Sun-Herald Corporation was organized under the Business Corporations Law of the state of New York (Consol. Laws, c. 4) to conduct a general newspaper publishing business. On March 17, 1924, it sold the New York Herald which it then owned and the publishing business connected therewith to the New York Tribune, Inc., receiving therefor notes of the latter company in the sum of $3,150,000 bearing interest at the rate of 5 per cent. and payable over a series of years ending in 1939.

Frank A. Munsey at the time of his death on December 22, 1925, owned all the stock of the Sun-Herald Corporation through the medium of a holding company wholly owned by him. He bequeathed his entire residuary estate to the Metropolitan Museum of Art, and on March 1, 1928, all of the stock of the Sun-Herald Corporation was turned over by his executors to Museum Estates, Inc., a holding company organized by the Museum of Art for the sole purpose of taking over, holding, and liquidating for its account the various assets of the Munsey residuary estate. Both the Metropolitan Museum of Art and Museum Estates, Inc., are exempt by law from income taxes.

The Sun-Herald Company had wholly discontinued any publishing business prior to March 1, 1928, and it received no income in the year 1928 prior to March 1. All income received by it during 1928 after March 1 of that year and all income received by it during 1929 was immediately paid over by it to its sole stockholder Museum Estates, Inc. On and after March 1, 1928, the Sun-Herald Company had no property except the notes that it received upon the sale of its newspaper property, it had no business, no bank account and no employees, and its officers, who served without compensation, performed no duty except to indorse over to Museum Estates, Inc., the checks which it received as principal and interest on the notes of the New York Tribune, Inc., which it held. The plaintiff paid income taxes to the defendant collector on the interest which it received on these notes during 1928 and 1929 under protest, and thereafter filed claims for refund

and brought this action against the collector to recover because of the alleged unlawful exaction. The District Court sustained the cause of action and judgment was entered that plaintiff recover all the taxes paid under protest, with interest. It reached this conclusion by holding that the word "organized" used in section 103 (14) of the Revenue Act of 1928 related to the actual activities of the Sun-Herald Corporation which were limited during the taxable periods in question to holding title to property and collecting income therefrom and turning over the entire amount to an organization (in this case Museum Estates, Inc.), which was itself exempt from taxes, and did not relate to the charter powers of that corporation. Inasmuch as during the taxable period the Sun-Herald Corporation was not "equipped" or "manned" in such a way as to do more than hold title to property and turn it over to Museum Estates, Inc., an exempt organization, the trial court held that its power to conduct a newspaper publishing business was to be regarded as "outside the scope of its organization" for the purposes of the Revenue Act. In effect it treated the word "organized" as meaning "operated."

We think it clear that "organized" means incorporated and not "operated." Such seems to have been the meaning given to the word in Trinidad v. Sagrada Orden, 263 U. S. 578, 580, 44 S. Ct. 204, 68 L. Ed. 458; Von Baumbach v. Sargent Land Co., 242 U. S. 503, 514, 37 S. Ct. 201, 61 L. Ed. 460; Eliot v. Freeman, 220 U. S. 178, 186, 31 S. Ct. 360, 55 L. Ed. 424. The use of the word "operated" in addition to the word "organized" in subdivisions (4), (6), (9), and (12) of section 103 of the Revenue Act of 1928 (26 USCA § 2103 (4, 6, 9, 12), indicates that "organized" was not intended to have the meaning of "operated" but further to interpret the exemption. In cases of doubt, an exemption provision in a general tax law is to be construed strictly and to be resolved in favor of the taxing power. Cornell v. Coyne, 192 U. S. 418, 430, 431, 24 S. Ct. 383, 48 L. Ed. 504; Riverdale Co-op. Creamery Ass'n v. Commissioner (C. C. A.) 48 F.(2d) 711. Moreover various rulings of the Commissioner of Internal Revenue are to the effect that the right of the corporation to an exemption is to be determined by the powers given it in its charter. In Decision 190 (1 Cumulative Bulletin 194) relating to section 231 of the Revenue Act of 1918 (40 Stat. 1057), which was similar to section 103 of the Revenue Act of 1928 (26 USCA § 2103), the Commissioner ruled that: "In dealing with cases under Section 231 'the character of the corporation must be judged by its articles of incorporation, constitution, and by-laws, rather than by the declarations of its officers, or the method by which it conducts or has conducted its business." See, also, Office Decision 60, 1 Cumulative Bulletin 193; Decision 177, 1 Cumulative Bulletin 194. Re-enactments of the exemption statute in the face of this ruling require us to adhere to the reasonable interpretation of the enactment by the Department. Old Colony R. Co. v. Commissioner, 284 U. S. 552, 557, 52 S. Ct. 211, 76 L. Ed. 484.

It is argued by the taxpayer that Slocum v. Bowers (D. C.) 15 F.(2d) 400, affirmed (C. C. A.) 20 F.(2d) 350, and Edwards v. Slocum, 264 U. S. 61, 44 S. Ct. 293, 68 L. Ed. 564, and Lederer v. Stockton, 260 U. S. 3, 43 S. Ct. 5, 67 L. Ed. 99, govern the present case, and that because the Sun-Herald Corporation was a holding company for the Metropolitan Museum of Art (an organization itself exempt from tax) it falls within section 103 (14) of the statute. But in both Slocum v. Bowers and Lederer v. Stockton it was the income of estates which had accumulated in the hands of executors or trustees that was held to be free from taxation. Here, however, we do not have the case of a fiduciary and a beneficiary who is the equitable owner of income of a trust, but of the Sun-Herald Corporation, a business corporation that is an entity entirely separate from Museum Estates, Inc. We are not justified in treating the two as identical or the income of Sun-Herald Corporation as that of Museum Estates, Inc. The income of the Sun-Herald must be regarded as that of any corporation organized to conduct a newspaper business. Such a corporation is not exempt from income taxes, for it was not organized for the exclusive purpose of holding title to property, collecting income therefrom, and turning over the same to an organization which is exempt from the tax. Indeed, there is legally nothing to prevent it from re-engaging in a newspaper publishing business as authorized by its charter.

The defendant relies on Bingham v. Savings Investment & Trust Co., 101 N. J. Eq. 413, 138 A. 659, and Public Service Commission v. Northern Cent. R. Co. (Whitman v. Northern Cent. R. Co.), 146 Md. 590, 127 A. 112, as giving to the word "organized" the meaning of "operated." But these decisions went no further than to treat "organized" as including corporate powers acquired subsequent to the date of the original charter.

Neither held that the character of the corporation was to be determined by its actual activities without regard to its chartered powers. We are not convinced that they have any bearing on the present case. But in any event they cannot be regarded as persuasive in view of the other considerations which we have mentioned and that seem to justify the imposition of taxes upon the income of the plaintiff for 1928 and 1929.

Whether the Munsey estate by some different disposition of the residuary assets might have enabled the Museum to avail itself of exemption from the income taxes, we need not say. To obtain an exemption, the taxpayer claiming it must come precisely within the terms of the statute and has not done this in the present case. Accordingly, we are forced to conclude that the Sun-Herald was not a corporation "organized for the exclusive purpose of holding title to property, collecting income therefrom, and turning over the entire amount thereof, less expenses, to an organization which itself is exempt from the tax. * * *"

Judgment reversed.