**INDUSTRIAL TRUST CO. et al. v. BRODERICK, Collector of Internal Revenue.**

No. 2938.

District Court, D. Rhode Island.
July 24, 1937.

Andrew P. Quinn, of Providence, R. I., for plaintiffs.

J. Howard McGrath, U. S. Dist. Atty., of Providence, R. I., and Arthur P. Curran, Sp. Asst., of Washington, D. C., for defendant.

MAHONEY, District Judge.

This is an action of the case in assumpsit brought by the executors under the last will and testament of George M. Parks, deceased, against Joseph V. Broderick, collector of internal revenue of the United States of America for the District of Rhode Island, for the recovery of the sum of $14,499.49, together with interest thereon, as a refund of taxes alleged by said plaintiffs to have been illegally collected from them, after a claim for said refund had been made according to the provisions of law in that regard, and the regulations of the Secretary of the Treasury established in pursuance thereof, and after said claim for refund had been denied.

The parties hereto have filed a stipulation that "said cause be tried by the court without a jury"; also they have filed an agreed statement of facts.

Each party has filed a motion for judgment and requests for findings of facts and conclusions of law.

The question for decision here presented is: In computing the net income of George M. Parks, late of the city of Providence, district of Rhode Island, deceased, for the taxable year 1934, should there be allowed as a deduction the excess of the aggregate amount paid by him for certain annuity policies over the aggregate amount received by him under the terms of said policies during his lifetime?

The statute which is invoked in the case is the Revenue Act of 1934, and the specific provisions applicable hereto are as follows:

"§ 22. *Gross Income* * * *

"(b) *Exclusions from Gross Income.* The following items shall not be included in gross income and shall be exempt from taxation under this chapter: * * *

"(2) *Annuities, etc.* Amounts received (other than amounts paid by reason of the death of the insured and interest payments on such amounts and other than amounts received as annuities) under a life insurance or endowment contract, but if such amounts (when added to amounts received before the taxable year under such contract) exceed the aggregate premiums or consideration paid (whether or not paid during the taxable year) then the excess shall be included in gross income. Amounts received as an annuity under an annuity or endowment contract shall be included in gross income; except that there shall be excluded from gross income the excess of the amount received in the taxable year over an amount equal to 3 per centum of the aggregate premiums or consideration paid for such annuity (whether or not paid during such year), until the aggregate amount excluded from gross income under this chapter or prior income tax laws in respect of such annuity equals the aggregate premiums or consideration paid for such annuity. In the case of a transfer for a valuable consideration, by assignment or otherwise, of a life insurance, endowment, or annuity contract, or any interest therein, only the actual value of such consideration and the amount of the premiums and other sums subsequently paid by the transferee shall be exempt from taxation under paragraph (1) or this paragraph. * * *

"§ 23. *Deductions from Gross Income*

"In computing net income there shall be allowed as deductions: * * *

"(e) *Losses by Individuals.* In the case of an individual, losses sustained during the taxable year and not compensated for by insurance or otherwise— * * *

"(2) If incurred in any transaction entered into for profit, though not connected with the trade or business." 26 U. S.C.A. §§ 22(b) (2), 23(e) (2).

George M. Parks, late of the city of Providence in the district of Rhode Island, deceased, did on the 6th day of April, A. D. 1929, purchase from the Massachusetts Mutual Life Insurance Company an annuity policy without refund for the sum of $57,000, under the terms of which he was to receive from the insurance company during his lifetime monthly payments in the sum of $475.38, beginning April 28, 1929. He died on the 24th day of December, A. D. 1934, having received payments under said policy during his lifetime in the aggregate sum of $32,325.84. The said plaintiffs, in the income tax return filed on behalf of the deceased for the calendar year 1934, deducted as a loss the sum of $24,674.16, which is the difference in amount between the cost of said annuity policy and the payments received by said deceased thereunder during his lifetime.

The deceased, on January 16, 1931, purchased from the Phœnix Mutual Life Insurance Company an annuity policy without refund, for the sum of $78,410.00, under the terms of which he was to receive from said insurance company during his lifetime monthly payments in the sum of $740.97, beginning February 16, 1931.

He received payments under the terms of said policy during his lifetime in the aggregate sum of $34,825.59. The said plaintiffs, in the income tax return filed on behalf of said deceased for the calendar year 1934, deducted as a loss the sum of $43,584.41, which is the difference in amount between the cost of said annuity policy and the payments received by the deceased thereunder during his lifetime.

These said alleged losses, which amounted to the sum of $68,258.57, and which had been so deducted by said plaintiffs in the income tax return filed on behalf of said deceased, were disallowed by the Commissioner of Internal Revenue on the ground that the terms and conditions of said annuity policies had been fulfilled and that no loss had been sustained.

The claim for refund of taxes allegedly illegally collected in the sum of $14,499.49 was duly filed by said plaintiffs, and, upon consideration by said Commissioner of Internal Revenue, was rejected by him. Notice of said rejection was given the said plaintiffs by registered mail. This action is brought by said plaintiffs to recover said taxes paid for the calendar year 1934.

Certain oral testimony was presented by said plaintiffs showing that the alleged losses were not compensated for by insurance or otherwise.

### Findings of Facts.

1. George M. Parks died on December 24, 1934, a resident of the city of Providence in the state of Rhode Island. On January 18, 1935, the plaintiffs were duly appointed, by the probate court of said city of Providence, executors under the will of George M. Parks. On January 18, 1935, they duly qualified as such executors, have continued to act, and are still acting as such.

2. The defendant is now, and was during all the material times hereinafter mentioned, the collector of internal revenue of the United States of America for the District of Rhode Island.

3. On March 4, 1935, the defendant in his capacity as collector of internal revenue as aforesaid duly granted to the plaintiffs an extension of time to May 15, 1935, to file the income tax return of George M. Parks for the calendar year 1934, provided that the plaintiffs should file on March 15, 1935, a tentative income tax return of George M. Parks for said calendar year.

4. On March 15, 1935, the plaintiffs duly filed with the defendant, in his said capacity, said tentative income return, which return set forth an estimated income tax against said George M. Parks for said calendar year 1934 of $13,000. At the time of filing said tentative return, the plaintiffs paid to the defendant in his said capacity the sum of $6,500 on account of said tax.

5. On May 15, 1935, the plaintiffs duly filed with the defendant, in his said capacity, a completed income tax return of George M. Parks for the calendar year 1934. In said return they deducted from gross income the aggregate sum of $68,258.57, representing the amount of losses arising out of the following transactions, which were entered into by George M. Parks.

6. On April 6, 1929, George M. Parks purchased from Massachusetts Mutual Life Insurance Company for the sum of $57,000 an annuity policy without refund, No. 892,266, under the terms of which policy George M. Parks was to receive from the company during his lifetime monthly payments of $475.38, beginning April 28, 1929. During his lifetime he received payments under said policy in the aggregate sum of $32,325.84.

7. On January 16, 1931, George M. Parks purchased from Phenix Mutual Life Insurance Company, for the sum of $78,410, an annuity policy without refund, No. 611,395, under the terms of which policy George M. Parks was to receive from the company during his lifetime monthly payments of $740.97, beginning February 16, 1931. During his lifetime he received payments under said policy in the aggregate sum of $34,825.59.

8. On June 4, 1935, the plaintiffs duly filed with the defendant in his said capacity a claim for refund of taxes alleged by said plaintiff to have been illegally collected in the sum of $6,500, which sum had been paid by them on March 15, 1935, as aforesaid.

9. On May 13, 1936, the Commissioner of Internal Revenue notified the plaintiffs that he had approved an asserted deficiency of $13,951.22 covering the income tax liability of George M. Parks, for the taxable period January 1 to December 24, 1934, and that said asserted deficiency resulted from the disallowance of the deduction in the sum of $68,258.57, claimed by the plaintiffs as aforesaid in said return, and of an additional deduction in the sum of $250, which had been improperly claimed by the plaintiffs in said return.

10. On June 6, 1936, having already paid the sum of $6,500 as aforesaid, the plaintiffs paid to the defendant, in his said capacity, the further sum of $7,999.49, which comprised the balance of said asserted deficiency, namely, $7,451.92, with interest on that amount from March 15, 1935, to June 5, 1936, amounting to $547.57.

11. On June 22, 1936, the plaintiffs duly filed with the defendant, in his said capacity, a claim for refund of taxes alleged by said plaintiffs to have been illegally collected in the sum of $14,499.49. Said claim for refund was forwarded by the defendant to the Commissioner of Internal Revenue and was considered by him, and on January 10, 1937, said Commissioner mailed to the plaintiffs by registered mail a notice that said claim for refund had been rejected by him.

12. Neither George M. Parks, during his lifetime, nor the executors under his will subsequent to his death, received from any insurance company, or from any other source, any money or credits by way of compensation to him or to his estate for the alleged losses sustained by him in the transactions involved in this case.

The claim here is for a deduction, which is an exemption from tax.

964

■ It is settled that, when an exemption is claimed, it must be construed against the taxpayer and most favorably for the government.

In Cornell v. Coyne, 192 U.S. 418, 431, 24 S.Ct. 383, 386, 48 L.Ed. 504, the Supreme Court says:

"But if there were a doubt as to the meaning of the statute that doubt should be resolved in favor of the government. Whoever claims a privilege from the government should point to a statute which clearly indicates the purpose to grant the privilege.

"But if there be any doubt as to the proper construction of this statute (and we think there is none), then that construction must be adoped whicli is most advantageous to the interests' of the government. The statute being a grant of a privilege, must be construed most strongly in favor of the grantor." Cases cited.

In the case entitled Tucker v. Ferguson, 22 Wall. 527, 575, 22 L.Ed. 805, the court says: "The taxing power is vital to the functions of government. It helps to sustain the social compact and to give it efficacy. It is intended to promote the general welfare. It reaches the interests of every member of the community. It may be restrained by contract in special cases for the public good, where such contracts are not forbidden. But the contract must be shown to exist. There is no presumption in its favor. Every reasonable doubt should be resolved against it. Where it exists it is to be rigidly scrutinized, and never permitted to' extend, either in scope or duration, beyond what the terms of the concession clearly require. It is in derogation of public right, and narrows a trust created for the good of all."

The court, in Retailers Credit Ass'n v. Commissioner of Internal Revenue (C.C. A.) 90 F.(2d) 47, at page 50, says: "It should be noted that a statute creating an exemption must be strictly construed, and any doubt must be resolved in favor of the taxing power. Sun-Herald Corporation v. Duggan (C.C.A.2) 73 F.(2d) 298, 300, and cases cited."

■ This suit is brought to recover taxes already paid, and. the presumption is that they were lawfully assessed, and the burden rests on the taxpayer to prove the facts which establish their illegality. Niles Bement Pond Co. v. United States, 281 U. S. 357, 361, 50 S.Ct. 251, 74 L.Ed. 901; Reinecke v. Spalding, 280 U.S. 227, 232,

50 S.Ct. 96, 74 L.Ed. 385; Welch v. Helvering, 290 U.S. 111, 115, 54 S.Ct. 8, 78 L. Ed. 212.

In the instant case, it does not appear that any loss was sustained, nor was any transaction entered into for profit. It is conclusively demonstrated from an examination of the facts that the deceased, although possessed of considerable wealth, sought to obtain through his contractual relations with the insurance companies, upon the purchase by him of the annuity policies without refund, a certain condition of security. At the moment of his death, he had received everything he had bargained for; he received everything which his contract called for. He sustained no loss. He had not engaged in a transaction for profit.

■ It is true that in the case entitled Helvering v. Louis, 64 App.D.C. 263, 77 F. (2d) 386, 99 A.L.R. 620, the taxpayer recovered more than the cost of the annuity, and that the contract was based on the period of the life of a third person. However, that case is authority for the conclusion that the excess of the cost of the annuities to the deceased over the amount of the payments received by him during his lifetime does not constitute an allowable deduction from the gross income. This conclusion is based upon the language of the court, 64 App.D.C. 263, 77 F.(2d) 386, at page 387, 99 A.L.R. 620, where it says:

"At the date of the annuity contract the taxpayer had no assurance from any source that her mother would live for the full period of her expectancy as calculated by the mortality tables. The taxpayer accepted the contract upon the basis of its terms which assured her of the payment of the annuity for the actual period of her mother's life and not for the period of her supposed expectancy of life. Had the contract stipulated for a payment of $5,000 a year for 15 years, 1 month, and 9 days, a default of payment for the last 3 years, 1 month, and 9 days of that period would have caused a loss computable upon a different basis than now obtains in this case. But the contract as executed was not for the payment of the annuity for a fixed term of years, but only for the period of her mother's life. Consequently, the calculated difference between the expected value of the annuity contract as of the time when executed and its actual value as afterwards determined, does not furnish a basis for the taxpayer's claim of a deductible loss."

The case of George M. Cohan v. Commissioner of Internal Revenue (1928) 11 B. T.A. 743, is clearly distinguishable. There the contract was broken; it was not completed. Here nothing more remained to be done on the part of the parties; the contract was completed. The deceased had obtained that for which he had bargained.

### Conclusions of Law.

1. The taxpayer has failed to sustain the burden of proof necessary to establish the propriety of the claimed deductions.

2. The taxpayer has failed to prove facts which rebut the presumption that the taxes were lawfully assessed.

3. No losses deductible within the meaning of section 23 (e) (2) of the Revenue Act of 1934 (26 U.S.C.A. § 23 (e) (2) were sustained.

4. The deductions from gross income by the plaintiffs in the return filed in behalf of the decedent, of amounts representing the excess of the cost of the annuity contracts over the amount of the payments received by the annuitant thereunder during his lifetime, were properly disallowed by the Commissioner of Internal Revenue.

5. Since the annuity contract as executed was not for the payment of the annuity for a fixed term of years, but only for the period of the life of the decedent, no deductible loss is sustained by reason of the fact that the cost of the annuity contract exceeded the amount of the payments received by the decedent during his lifetime.

6. Where an annuity contract is executed providing for the payment of stated monthly sums to the annuitant during the period of his life, no loss is sustained by the decedent where the terms of such annuity contract are fully performed during his lifetime.

7. No loss was sustained either by the annuitant, his personal representatives, or by his estate, by the termination of the annuity contract upon the death of the decedent.

8. No loss was occasioned to the decedent during his lifetime since the loss, if any there be, arose at the time of death of the decedent.

9. The alleged loss, if any, was not incurred in any transaction entered into for profit.

The motion of the defendant that judgment be entered in its favor, with costs, is granted.