CREDIT MANAGERS ASS'N OF NORTH-ERN AND CENTRAL CALIFORNIA v. COMMISSIONER OF INTERNAL REVENUE.

No. 10833.

Circuit Court of Appeals, Ninth Circuit.

Feb. 26, 1945.

James W. Paramore, of San Francisco, Cal., for petitioner.

Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key, Robert N. Anderson, S. Dee Hanson, and Rigmor O. Carlsen, Sp. Assts. to Atty. Gen., for respondent.

Before GARRECHT, STEPHENS, and HEALY, Circuit Judges.

HEALY, Circuit Judge.

This is a petition for review of a decision of the Tax Court sustaining the assessment of deficiencies in income tax for the taxable years ending April 30, 1940, and April 30, 1941. We are asked to hold that the Tax Court was wrong in deciding that petitioner is not a business league within the meaning of § 101(7) of the Internal Revenue Code, 26 U.S.C.A.Int. Rev.Code, § 101(7). This section exempts from taxation the income of "business leagues, chambers of commerce, real-estate boards, or boards of trade, not organized for profit and no part of the net earnings of which inures to the benefit of any private shareholder or individual." The controlling regulation (§ 19.101(7) of Treasury Regulations 103) is quoted in our opinion in Apartment Operations Ass'n v. Commissioner of Internal Revenue, 9 Cir., 136 F.2d 435, 436, and need not again be set out.

Petitioner is a corporation without shareholders. Its members, who are mostly jobbers, manufacturers, banks, and insurance companies, paid annual dues of $36. The Tax Court found that petitioner's principal activity during the taxable period was the operation of its Credit Interchange Bureau. The subscriber to this service paid a fixed annual fee in return for which he was entitled to a limited number of credit reports on customers or prospective customers. If a subscriber obtained more than the number of reports to which this fee entitled him he was placed in a higher bracket which allowed. him a larger number of reports. An additional fee was exacted for the excess. During the taxable years revenues on account of the Credit Bureau's services amounted to more than one-half petitioner's total income. About half of petitioner's employees were engaged in the work of the Credit Bureau, and about three-fourths of the members had contracts with the Bureau.

The Tax Court found that petitioner had two other sources of revenue, also from activities of a kind ordinarily engaged in for profit. Petitioner operated a collection division for the benefit of its members and charged normal collection rates. It maintained a Construction Industries Credit Bureau, which supplied for a fixed fee a reporting service on contractors and construction jobs. Income from these two sources were substantial in amount.

Thus, not only did petitioner carry on business of a kind ordinarily conducted for profit, but it rendered particular services for individual members. On the whole, its activities were of a type akin to those involved in Retailers' Credit Assn. v. Commissioner of Internal Revenue, 90 F.2d 47, 111 A.L.R. 152, and Apartment Operations Assn. v. Commissioner of Internal Revenue, supra, where we held that the petitioning associations were not entitled to the statutory exemption.

On the authority of those decisions the judgment of the Tax Court is affirmed.