**CREDIT BUREAU OF GREATER NEW YORK, Inc., v. COMMISSIONER OF INTERNAL REVENUE.**

No. 252, Docket 20544.

Circuit Court of Appeals, Second Circuit.

June 26, 1947.

Kenneth Carroad, of New York City (Arthur Rosenberg, of New York City, of counsel), for petitioner.

Sewall Key, of Washington, D. C., George A. Stinson, of New York City, and Louise Foster, of Washington, D. C., for respondent.

Before CHASE, CLARK, and FRANK, Circuit Judges.

FRANK, Circuit Judge.

Petitioner claims that it comes within the precise terms of the statutory exemption because it was not "organized" for profit. We will not consider that argument here, since the Tax Court based its decision primarily on Treasury Regulation 103, § 19.101(7)–1, which construes the exemption statute. The pertinent portions of the Regulation are as follows: "A business league is an association of persons having a common business interest, the purpose of which is to promote such common interest and not to engage in a regular business of a kind ordinarily carried on for profit * * * Thus its activities should be directed to the improvement of business conditions of one or more lines of business as distinguished from the performance of particular services for individual persons. An organization of a kind ordinarily carried on for profit even though the business is conducted on a cooperative basis or produces only sufficient income to be self-sustaining is not a business league * * *" This is an old regulation, in force during repeated re-enactments of the statute which it construes. We think it a reasonable interpretation of the statutory language, determinative of its meaning. Underwriters' Laboratories v. Commissioner, 7 Cir., 135 F.2d 371; Retailers Credit Association of Alemeda County v: Commissioner, 9 Cir., 90 F.2d 47, 111 A.L.R. 152. On the evidence, it is clear that petitioner is an organization of the kind ordinarily conducted for profit, and one which, by the Regulation, is precluded from claiming an exemption as a business league. Retailers Credit Association of Alameda County v. Commissioner, supra; Credit Managers Association of Northern and Central Cal. v. Commissioner, 9 Cir., 148 F.2d 41; Park-West Riverside Associates, Inc. v. Helvering, 2 Cir., 110 F.2d 1022.

Section 291 of the Internal Revenue Code, 26 U.S.C.A.Int.Rev. Code, § 291, provides for imposition of a penalty for failure to file a return, unless the taxpayer shows reasonable cause for such failure. The burden of establishing an excuse for such failure rests on the taxpayer. Sabatini v. Commissioner, 2 Cir., 98 F.2d 753. The Tax Court held that the petitioner had failed to sustain that burden. The Court found that the corporation's officers believed it to be tax-exempt; but this, in itself, is not enough (West Side Tennis Club v. Commissioner, 2 Cir., 111 F.2d 6, 130 A.L.R. 103), and there is no adequate showing of a reasonable basis for such belief. The evidence regarding Mr. Cuddy's affidavit is incomplete. There is substantial testimony to support the Tax Court's finding that the opinion given by petitioner's counsel (to the effect that petitioner was tax-exempt) was informal and consequently did not merit reliance thereon. We think that petitioner's liability for taxation was abundantly clear (cf. West Side Tennis Club v. Commissioner, supra), and that the Tax Court's determination that no reasonable cause had been shown for the failure to file is well supported by the evidence or lack thereof. See Paymer v. Commissioner, 2 Cir., 150 F.2d 334.

Petitioner asks us to consider the applicability of the new Administrative Procedure Act, c. 324, 60 Stat. 237, 5 U.S.C.A. § 1001 et seq., to determinations by the Tax Court. We see no reason to do so since the evidence here sufficiently supports the Tax Court's findings under any theory of judicial review.

Affirmed.