WILLIAM L. POWELL FOUNDATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 35422.   Promulgated November 23, 1953.

280

*Frank C. Olive, Esq.*, and *George S. Olive, C. P. A.*, for the petitioner.
*George E. Gibson, Esq.*, and *Elmer E. Lyon, Esq.*, for the respondent.

OPINION.

Rice, *Judge:* The principal issue herein is whether any "part of the net earnings" of petitioner has inured "to the benefit of any private shareholder or individual" during petitioner's taxable year ended January 31, 1950, and thus prevented petitioner from obtaining exemption from Federal income taxation as a religious and charitable foundation under section 101 (6) of the Internal Revenue Code.[1]

The petitioner was undoubtedly organized with a predominantly religious and charitable purpose in mind. Petitioner's capital was acquired in 1928 as a gift from William L. Powell in the form of three United States Government bonds, two of $10,000 denomination and the third—$5,000. The donor specified that one-half the income from the bonds, or the income of the proceeds thereof, be donated annually to charitable or religious enterprises and the other half be added to the corpus. However, there was a qualification to the gift of the $5,000 and one of the $10,000 bonds; namely, that during the lifetime of the donor's wife, Ella P. Powell, the income of these bonds, or the income of the proceeds thereof, be paid to her. Thus, until her death, she was to receive the income from a specific three-fifths of petitioner's assets, the income from one-fifth was to be expended for charitable purposes, and that from the remaining one-fifth was to be added to corpus.

It has been established that property may be transferred to a charitable trust with the proviso that all or part of the income of such property be paid to a private individual for a stated term. Such payments are a charge upon the specific assets transferred, and the donee retains its tax-exempt status under section 101 (6). *Lederer*

---

[1] SEC. 101. EXEMPTIONS FROM TAX ON CORPORATIONS.

The following organizations shall be exempt from taxation under this chapter—

 *    *    *    *    *    *    *

(6) Corporations, and any community chest, fund, or foundation, organized and operated exclusively for religious, charitable, scientific, literary, or educational purposes, or for the prevention of cruelty to children or animals, no part of the net earnings of which inures to the benefit of any private shareholder or individual, and no substantial part of the activities of which is carrying on propaganda, or otherwise attempting, to influence legislation;

v. *Stockton*, 260 U. S. 3 (1922) ; *Emerit E. Baker, Inc.*, 40 B. T. A. 555 (1939) ; *Edward Orton, Jr. Ceramic Foundation*, 9 T. C. 533 (1947), affd. 173 F. 2d 483 (C. A. 6, 1949).

It is respondent's contention that the petitioner disregarded the terms of the gift imposing a charge on certain of its assets, and that the petitioner paid to the income beneficiary more than the actual income of such assets, thereby disbursing a part of the net earnings of its general assets to a private individual. The petitioner has failed to prove that such was not the case during the taxable year 1950 and is, therefore, not entitled to exemption from taxation under section 101 (6).

Upon analyzing the record, it appears certain that the income beneficiary was paid a sum in excess of the amount actually earned by the specific assets charged with the burden of producing an income for her benefit. By its failure to segregate the specific assets donated for this purpose from the balance of its general assets, the petitioner has rendered it impossible to determine the actual income of these specific assets. These specific assets were intermingled with the general assets of petitioner which were invested in mortgage loans bearing an interest rate of 5 per cent. But when we take into account the various losses and expenses incident to these various mortgage investments, it is apparent that petitioner's net income from this source was less than 5 per cent. Thus, there have been delinquencies in interest payments by mortgagors, occasionally resulting in eventual losses of interest during the period 1943 through 1950. In the fiscal year ended January 31, 1950, there were four mortgages, totaling $5,800, on which no interest payments were received. In addition, to determine its net income from mortgage investments, petitioner should also have deducted the interest expenses it incurred when it borrowed money from the bank to enable it to make opportune mortgage investments prior to the maturity of its current mortgages. As a result of these losses, interest expense, and other incidental expenses, petitioner's net income from its mortgage investments must necessarily have been less than the 5 per cent rate stated on the face of the mortgages, and the 5 per cent paid to the income beneficiary. By paying her a higher rate of interest than that actually earned on its mortgage investments, a part of the income of its general assets inured to her benefit.

Petitioner was required to file a return stating its taxable income for the fiscal year ended January 31, 1950, on or before the fifteenth day of the third month following the close of that fiscal year, since it had not established its right to exemption under section 101 (6). It did not file its return until December 4, 1950, and at that time attached a statement denying the correctness of the determination of the Commissioner of Internal Revenue that it was not entitled

to exempt status under section 101 (6). A claim to exempt status under. section 101 (6), despite a contrary ruling by the Commissioner of Internal Revenue, cannot relieve a taxpayer of the duty of filing a timely return. See *Credit Bureau of Greater N. Y.* v. *Commissioner*, 162 F. 2d 7 (C. A. 2, 1947). Petitioner has failed to introduce any evidence that its tardy filing was due to "reasonable cause and not due to willful neglect." Sec. 291 (a) of the Internal Revenue Code. The Commissioner's assessment of a 25 per cent delinquency penalty must, therefore, be sustained. *Murray Humphreys*, 42 B. T. A. 857, 880 (1940), affd. 125 F. 2d 340 (C. A. 7, 1942), certiorari denied 317 U. S. 637 (1942).

Reviewed by the Court.

*Decision will be entered under Rule 50.*

ARUNDELL, MURDOCK, JOHNSON, and TIETJENS, *JJ.*, dissent.